**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JIMMY CROTTS,**

    **Plaintiff,**

**v.**                                                                      **Case No.  8:08-cv-875-T-30MAP**

**UNIVERSAL STRUCTURES, INC.
and MATT COTHRAN,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Matt Cothran's Motion to Dismiss (Dkt. #4), and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Dkt. #5).  The Court, having considered the motion, response, memoranda, complaint, and being otherwise advised in the premises, concludes that Defendant's motion should be granted.

Plaintiff's complaint seeks relief for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") against Defendants Universal Structures, Inc. ("Universal") and Matt Cothran, individually ("Cothran").  Defendant Cothran argues that Plaintiff has failed to state a cause of action against him in his individual capacity.  In response, Plaintiff argues that Cothran is an "employer" as defined under the FLSA, and therefore, Cothran may be held personally liable for his company's violations under the FLSA.

In pertinent part, the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.A. § 203(d). Additionally, in *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986), the Eleventh Circuit held that in order to be personally liable under the FLSA, an officer of a corporation "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Liability as an "employer" under the FLSA cannot be imposed on a corporate officer who lacks such operational control. *Id*. An officer, who does not direct the day-to-day operations, does not set employee schedules, does not hire or fires employees, and does not determine compensation, lacks the necessary operational control required by the FLSA. *Escobar v. Orlando Brewing Partners, Inc.*, 2005 WL 3288749, *2 (M.D. Fla. Dec. 5, 2005).

In relation to Cothran, Plaintiff's complaint simply alleges: "Matt Cothran was an owner of Defendant Universal Structures, Inc. and has acted directly or indirectly in the interest of Universal Structures, Inc. in relation to Plaintiff." Plaintiff does not allege, however, that Cothran directs day-to-day operations, set employee schedules, hires or fires employees, determines compensation, or possesses operational control of business activities. Accordingly, Plaintiff has failed to allege sufficient facts to impose individually liability against Cothran as an "employer" under the FLSA. Thus, Plaintiff's claims as they relate to Defendant Cothran should be dismissed without prejudice with leave to amend.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Matt Cothran's Motion to Dismiss (Dkt. #4) is **GRANTED**.

2. Defendant Matt Cothran is dismissed without prejudice from this action.

3. Plaintiff may file an amended complaint within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 29, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-875.mtd 4.wpd